01

02

03

04

05                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
06                                  AT SEATTLE

07  STEVEN J. ARMSTRONG,                    )
                                            )    CASE NO.   C12-0556-RAJ-MAT
08          Plaintiff,                      )
                                            )
09          v.                              )    REPORT AND RECOMMENDATION
                                            )    RE: SOCIAL SECURITY DISABILITY
10  MICHAEL J. ASTRUE, Commissioner         )    APPEAL
    of Social Security,                     )
11                                          )
            Defendant.                      )
12  _____ )

13          Plaintiff Steven J. Armstrong proceeds through counsel in his appeal of a final decision

14  of the Commissioner of the Social Security Administration (Commissioner).    The

15  Commissioner denied plaintiff's application for Supplemental Security Income (SSI) benefits

16  after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's

17  decision, the administrative record (AR), and all memoranda of record, the Court recommends

18  that this matter be REVERSED and REMANDED for further proceedings.

19                          **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1965.[1]   He has a GED and "minimal earnings" from

21

22          1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
    Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

01  employment throughout his life.   (AR 24, 44-48.)

02      Plaintiff filed an application for SSI benefits on August 30, 2007, alleging disability

03  beginning August 1, 2007.   Plaintiff's application was denied at the initial level and on

04  reconsideration, and he timely requested a hearing.

05      A hearing was scheduled for May 14, 2009.   Plaintiff, unrepresented, called to report

06  that he was unable to make the hearing due to an extended dental appointment. (AR 82.)   Upon

07  receiving medical corroboration from plaintiff's oral surgeon (AR 308-09), the ALJ

08  re-scheduled the hearing to July 28, 2009 (AR 126-32).   At hearing, the ALJ took testimony

09  from plaintiff and a vocational expert.   (AR 34-86.)   On October 5, 2009, the ALJ issued a

10  decision finding plaintiff not disabled.   (AR 22-33.)

11      Plaintiff timely appealed.   The Appeals Council denied plaintiff's request for review

12  on July 20, 2011 (AR 3-7), making the ALJ's decision the final decision of the Commissioner.

13  Plaintiff , now represented, appealed this final decision of the Commissioner to this Court.

14  **JURISDICTION**

15      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

16  **DISCUSSION**

17      The Commissioner follows a five-step sequential evaluation process for determining

18  whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

19  must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

20  not engaged in substantial gainful activity since the application date and, in fact, had "minimal

21  earnings" throughout his life.   At step two, it must be determined whether a claimant suffers

22  _____

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

01  from a severe impairment.   The ALJ found plaintiff's personality disorder, mood disorder, and

02  polysubstance dependence severe.   Step three asks whether a claimant's impairments meet or

03  equal a listed impairment.   The ALJ found that, including the substance use disorders,

04  plaintiff's impairments met the criteria of Listings 12.04 (Affective Disorders) and 12.09

05  (Substance Addiction Disorders) of the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P,

06  App. 1, §§ 12.04. 12.09.

07         However, an individual is not considered to be disabled if drug addiction or alcoholism

08  (DAA) would be a contributing factor material to a determination of disability.   42 U.S.C. §§

09  423(d)(2)(C), 1382c(a)(3)(J).   Therefore, the ALJ proceeded to conduct an analysis as to

10  whether plaintiff's substance use disorder is a contributing factor material to the determination

11  of disability (the "DAA" analysis).   The ALJ found that any limitations remaining after

12  plaintiff stopped the substance use would not cause more than a minimal impact on his ability to

13  perform basic work activities and, therefore, found plaintiff not disabled.

14         This Court's review of the ALJ's decision is limited to whether the decision is in

15  accordance with the law and the findings supported by substantial evidence in the record as a

16  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

17  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

18  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

19  F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

20  supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

21  F.3d 947, 954 (9th Cir. 2002).

22         Plaintiff argues the ALJ violated agency procedures and rules by conducting the July

REPORT AND RECOMMENDATION
PAGE -3

01  28, 2009 hearing without discussing the issue of attorney representation.   Plaintiff further

02  argues the ALJ erred in failing to adequately develop the record with regard to periods of

03  sobriety, and erred in concluding that plaintiff's medically determinable impairments would not

04  be severe in the absence of substance abuse.   He requests remand for further administrative

05  proceedings.   The Commissioner argues that the ALJ's decision is free of legal error,

06  supported by substantial evidence, and should be affirmed.

07                                      <u>Attorney Representation</u>

08          As noted previously, plaintiff's administrative hearing was originally scheduled for

09  May 14, 2009.  (AR 114-21.)   The record reflects plaintiff called the ALJ's clerk the day

10  before the hearing, indicating he might be late for the hearing due to a dental appointment.   The

11  clerk suggested plaintiff should change the dental appointment.   (AR 82.)

12          The next morning (the date of the hearing), plaintiff called from his dentist's office to

13  indicate he would not be able to arrive in time for the hearing.   The clerk instructed plaintiff to

14  get a letter from his dentist and submit it to the ALJ.  (AR 82-83.)   The ALJ proceeded to

15  examine the vocational expert in the absence of plaintiff.  (AR 83-87.)² Immediately

16  following the hearing, a Notice to Show Cause for Failure to Appear was issued by the ALJ,

17  indicating (incorrectly) that plaintiff had "failed to provide an explanation" for not appearing at

18  the hearing, and directing plaintiff to submit a written statement with the reasons for not

19  appearing. (AR 124.)   Plaintiff submitted a letter from his oral surgeon, dated May 14, 2009,

20  verifying plaintiff was unable to appear for court due to extraction of "his remaining upper teeth

21  _____

22          2 The testimony was apparently not relied on, as a different vocational expert testified at the
second hearing. (AR 34.)

REPORT AND RECOMMENDATION
PAGE -4

01 and place[ment of] a full upper and lower partial denture." (AR 308-09.)   The ALJ "considered

02 that a good reason" (AR 37), and rescheduled the hearing to July 28, 2009 (AR 126-33).

03      Plaintiff appeared at the rescheduled hearing without an attorney.   After calling the

04 case and administering the oath to plaintiff and the vocational expert, the ALJ made the

05 following statement:

06      Mr. Armstrong, you didn't show up for your last hearing but you sent in
a reason why.   You were having some dental work done and the appointment

07 went longer than you thought.   And I gave—I considered that a good reason
and rescheduled your hearing.

08

09      Now  you're  not  represented  by  a  lawyer.    Normally I  offer
unrepresented claimants an opportunity to get a lawyer by postponing the
hearing one time but we already had another hearing in your case and I can't

10 offer you that postponement for that reason.   You've had a lot of time here to
get an attorney or seek legal counsel and I simply can't sacrifice another hearing

11 slot so we're going to have to go forward today on your hearing.

12 (AR 37.)   The ALJ proceeded to examine plaintiff and the vocational expert.

13      Plaintiff cites the Hearings, Appeals and Litigation Law Manual (HALLEX), an

14 internal agency manual, in support of his argument that the ALJ's failure to engage in any

15 colloquy with plaintiff in order to give him an opportunity to request a postponement of the

16 hearing, as well as the ALJ's failure to consider the factors specified in the HALLEX in

17 determining whether to grant a postponement, constituted harmful error requiring remand for

18 another hearing.   Plaintiff argues the ALJ's apparent "one postponement per claimant" policy

19 denies due process by violating the requirement that the individual circumstances of an

20 unrepresented claimant be specifically considered.

21      The Commissioner argues a continuance of the hearing to allow a claimant to obtain

22 representation is within the discretion of the ALJ, after considering the claimant's "reason for

REPORT AND RECOMMENDATION
PAGE -5

01   requesting the change, the facts supporting it, and the impact of the proposed change on the

02   efficient administration of the hearing process…include[ing but not limited to] the effect on the

03   processing of other scheduled hearings, delays which might occur in rescheduling [the] hearing,

04   and whether any prior changes were granted… ." 20 C.F.R. § 416.1436(f).   The Commissioner

05   notes plaintiff had been advised of his right to representation in the initial claim denial (AR

06   92-93), in the denial upon reconsideration (AR 96), in the hearing notices (AR 109, 115,

07   119-20), and in the notice of the rescheduled hearing (AR 127, 131-32), and that plaintiff knew

08   how to contact the hearing office to request a continuance, since he had done so at the time of

09   the first hearing.

10        The Commissioner's argument, however, misses the mark.   At the commencement of

11   the second hearing, the ALJ preemptively announced no request for a postponement would be

12   entertained.   The record does not show the ALJ engaged in any discussion with plaintiff about

13   the necessity of a postponement or any efforts he may have undertaken to secure representation.

14   Rather, as plaintiff suggests, the ALJ appears to have adopted a "one postponement per

15   claimant" rule, indicating plaintiff could not be granted another continuance since he had

16   already been given one, despite finding that the previous postponement was for "a good

17   reason."   (AR 37.)

18        While the HALLEX does not impose "judicially enforceable duties[,]" *Lowry v.*

19   *Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003), it reflects the programmatic policy of the

20   Commissioner and interprets agency regulations.   HALLEX I-1-001.   Furthermore, the

21   Social Security Act is a remedial statute, to be broadly construed and liberally applied in favor

22   of beneficiaries.   *LaMadrid v. Hegstrom*, 830 F.2d 1524, 1531 (9th Cir. 1987).   The Court is

01  not satisfied the procedures utilized by the ALJ in declining to postpone the hearing provided

02  the due process anticipated by agency policies and regulations.   Therefore, the matter should

03  be remanded to reschedule another administrative hearing at which plaintiff has the opportunity

04  to be represented by counsel.

05                                               Other Issues

06         The remand of this matter for hearing renders moot plaintiff's argument that the ALJ's

07  drug abuse and alcoholism (DAA) finding lacked substantial evidence.   However, the Court

08  finds it appropriate to address plaintiff's contention the ALJ failed to adequately develop the

09  record with regard to this issue.

10         The ALJ in a social security case has an independent "'duty to fully and fairly develop

11  the record and to assure that the claimant's interests are considered.'"   *Tonapetyan v. Halter*,

12  242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.

13  1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983))).   This duty extends to

14  the represented, as well as to the unrepresented claimant.   *Id*.   When the claimant is

15  unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant

16  facts.   *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978).   This duty may be heightened when

17  the claimant is mentally ill, and is triggered where the evidence is ambiguous or the ALJ finds

18  the record inadequate to allow for proper evaluation of the evidence.   *Tonapetyan*, 242 F.3d at

19  1150.

20         The DAA materiality analysis requires the ALJ to consider whether a claimant's

21  disabling limitations remain if he is not using alcohol or drugs.   20 C.F.R. §§ 404.1535,

22  416.935.   The "key factor" in this determination is whether an individual would still be found

REPORT AND RECOMMENDATION
PAGE -7

01  disabled if he or she stopped using drugs or alcohol.  *Id*. at §§ 404.1535(b)(1), 416.935(b)(1).

02  In that regard, it may be particularly important to establish whether a claimant is consuming

03  these substances during the time period in which his limitations are present.

04        In this case, plaintiff testified he had been clean and sober since his release from prison

05  in 2007, with two brief exceptions.  (AR 56-57.)  He testified the conditions of community

06  supervision after he was released from prison required him to submit to drug and alcohol

07  testing, and he did not fail any of the tests.  (AR 56.)  He also testified that Sound Mental

08  Health conducts blood testing as part of his mental health treatment.  (AR 64-65.)

09        These records, if entered into evidence, would either substantiate or rebut plaintiff's

10  assertions about his sobriety since his release from prison.  Without attempting to obtain the

11  records, the ALJ instead found plaintiff's "reported remission from drugs and alcohol cannot be

12  substantiated. …   Unless the claimant's sobriety can be objectively measured and confirmed, I

13  do not believe the claimant."  (AR 31.)   On remand, the ALJ should supplement the record by

14  requesting drug testing records created after plaintiff's release from prison in 2007, and

15  consider those records as part of the DAA analysis.

16                                   **<u>CONCLUSION</u>**

17        For the reasons set forth above, this matter should be REMANDED for further

18  administrative proceedings.

19        DATED this <u>6th</u> day of February, 2013.

20

21                                   Mary Alice Theiler
                                     United States Magistrate Judge

22

REPORT AND RECOMMENDATION
PAGE -8